UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAR 13 2018
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| KEVIN CLEVELAND, ) | |
| ) | 1:18-cr-0079 SEB -MJD |
| Defendant. ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Nicholas J. Linder, Assistant United States Attorney, and the Defendant, KEVIN CLEVELAND, in person and by counsel, Michael J. Donahoe, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### GUILTY PLEA AND CHARGE(S)

1. **Plea of Guilty to the Information:** The Defendant agrees to waive formal indictment and petitions the Court for leave to enter, and agrees to enter, a plea of guilty to Count 1 of the Information, which charges the Defendant with Altering and Tampering with Markings on Hazardous Material Cargo Tanks, in violation of 49 U.S.C. §§ 5104(b) and 5124.

2. **Potential Maximum Penalties:** The Defendant understands that the offense of Altering and Tampering with Markings on Hazardous Material Cargo Tanks, in violation of 49 U.S.C. §§ 5104(b) and 5124, to which the Defendant is pleading guilty, as charged in the Information, is punishable by a maximum sentence of 5 years' imprisonment; a $250,000 fine; and three (3) years' supervised release following the term of imprisonment.

3. **Elements of the Offense:** To sustain a conviction for the offense of Altering and Tampering with Markings on Hazardous Material Cargo Tanks, in violation of 49 U.S.C. §§ 5104(b) and 5124, to which the Defendant is pleading guilty, as charged in Count 1 of the Information, the government would need to prove each of the following elements beyond a reasonable doubt:

FIRST: The defendant altered, removed, destroyed, or otherwise tampered unlawfully with a marking, label, placard, or description on a document required by the Hazardous Materials Transportation Act; and

SECOND: The Defendant did so knowingly, that is, the Defendant acted with actual knowledge of the facts giving rise to the violation, or a reasonable person acting in the circumstances and exercising reasonable care would have that knowledge.

## GENERAL PROVISIONS

4. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

conviction on such charge(s) to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

5.   **Sentencing Court's Discretion Within Statutory Range:**  The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the Defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6.   **Sentencing Court Not Bound by Guidelines or Recommendations:**  The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

3

7. **No Limitation on Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

8. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant for the conduct described in the Information based on information currently known to the United States Attorney for the Southern District of Indiana.

9. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

10. **Good Behavior Requirement:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws. Additionally, the Defendant agrees to fully comply with all conditions of release during any and all stages of this case, should such conditions be imposed by the Court. If

the Defendant violates any state or federal law, or fails to fully comply with conditions of release, then the Government may at its sole discretion withdraw from this Plea Agreement.

## SENTENCE OF IMPRISONMENT

11. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence of imprisonment. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

    a.    **Government's Recommendation:**

        i.    The Government agrees to recommend a term of imprisonment within the advisory Guidelines range, as calculated by the Court. In the event that the advisory Guidelines range calculated by the Court lies within "Zone A" of the Sentencing Table, then in accordance with U.S.S.G. § 5C1.1(b), the Government agrees to recommend a sentence of probation for a term of three years.

        ii.    The Government's agreement to recommend such a sentence is contingent upon the Defendant (a) continuing to fully accept responsibility for the offense and not falsely denying or frivolously contesting relevant conduct that the Court determines to be true, (b) not committing a new criminal offense before the date of sentencing, and (c) not otherwise violating the terms of any pre-trial release before the date of sentencing.

    b.    **Defendant's Recommendation:** The Defendant is free to ask for any sentence, including one below the advisory Guidelines range.

12. **Term of Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow

5

any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

13. **Conditions of Probation or Supervised Release:** The parties stipulate and agree that any sentence of probation or supervised release should include, among other conditions, the following two conditions:

   a. "You shall notify the probation officer and the Federal Motor Carrier Safety Administration of the U.S. Department of Transportation ("Motor Carriers") of the overnight location of all cargo tankers that you either own or transport. You shall notify the probation officer and Motor Carriers within at least 72 hours prior to any planned change in the overnight location of such cargo tankers."

   b. "You shall permit the probation officer, a representative of Motor Carriers, and/or a Special Agent with the U.S. Department of Transportation Office of Inspector General to visually inspect any cargo tankers that you either own or transport, including inspection of any markings, placards, or labels. You shall also, upon request, present to the probation officer, a representative of Motor Carriers, and/or a Special Agent with the U.S. Department of Transportation Office of Inspector General any documentation relating to such cargo tankers, including documentation relating to ownership, transports, repairs, and inspections."

## MONETARY PROVISIONS AND FORFEITURE

14. **Fine:** The parties have **not** agreed on whether the Court should impose a fine, or the amount of any fine imposed. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter. The Defendant understands that the amount and payment terms of any fine will be determined by the Court.

   a. **Government's Recommendation:** The Government agrees to recommend a fine of $1,000, *provided* the Defendant (a) continues to fully accept responsibility for the offense and does not falsely deny or frivolously contest relevant conduct that the Court determines to be true, (b) does not commit a new criminal offense before the date of sentencing, and (c) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

   b. **Defendant's Recommendation:** The Defendant is free to ask for any amount of a fine be imposed, including no fine at all.

15. **Mandatory Special Assessment:** The Defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

16. **Obligation to Pay Financial Component of Sentence:** If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The Defendant has a continuing obligation to pay the financial component of the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial

disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## FACTUAL BASIS FOR GUILTY PLEA

17. **Stipulated Factual Basis:** The parties stipulate and agree that the United States could prove the following facts to a jury beyond a reasonable doubt if the case went to trial. The parties stipulate and agree that such facts establish a sufficient factual basis for the Defendant's plea of guilty to the offense set forth in Paragraph One, above. The parties acknowledge that the following stipulated facts are only a summary of the Government's evidence sufficient to prove the charge to which the Defendant is pleading guilty. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose. This paragraph is not intended to foreclose the presentation of such additional evidence.

    a.    The Defendant, a resident of Indianapolis, Indiana, operated as an intrastate carrier of gasoline and diesel fuel within the Southern District of Indiana and elsewhere. The Defendant owned three cylindrical cargo tankers, including the cargo tanker identified as "Unit Number 903," which he used to haul gasoline and diesel fuel from petroleum distribution terminals to local gas stations ("Tanker 903"). The Defendant kept his cargo

tankers at his place of business at 3752 Kentucky Avenue, Indianapolis, Indiana, which is within the Southern District of Indiana.

b.   Federal law required that cargo tankers carrying hazardous materials such as gasoline and diesel fuel ("HAZMAT") on public highways must be regularly inspected and tested. Specifically, federal law required the Defendant's Tanker 903 to undergo an annual external visual inspection and leakage test. Such inspections and tests were to be performed by trained, registered inspector. Cargo tankers carrying HAZMAT that were not timely and appropriately inspected and tested could not be lawfully transported. Additionally, federal law required that all HAZMAT tankers be externally marked with the date of successful completion of each of the required inspections and tests, including the annual external visual inspection and leakage test.

c.   On or about May 24, 2017, a safety investigator with the Federal Motor Carrier Safety Administration of the U.S. Department of Transportation ("Motor Carriers") conducted an inspection at the Defendant's place of business. The investigator had given the Defendant several days' notice of the inspection. During the inspection, the investigator observed the external markings on Tanker 903, which purported to show that that Tanker 903 had undergone the required annual external visual inspection (noted as "V" on the markings) and pressure tests (noted as "K-EPA 27" on the markings) in February of 2017. Thus, according to the markings, Tanker 903 was in compliance with federal law regarding these required inspections.

d.   Looking closely, however, the Motor Carriers investigator noticed abnormalities in the markings on Tanker 903. The investigator asked the Defendant for documentation of the tests, which the markings indicated had been conducted by a

particular registered inspector. The Defendant provided three sets of paperwork that purported to document the inspector's visual inspection and pressure tests noted on Tanker 903's markings. All three sets of paperwork were dated February 12, 2017.

    e.    The Motor Carriers investigator then contacted the registered inspector who purportedly conducted the tests on Tanker 903 in February 2017. In reality, the registered inspector had last inspected Tanker 903 on October 10, 2014. The registered inspector provided its copies of the same three sets of paperwork that the Defendant provided to the Motor Carriers investigator. Upon comparison, the documents were practically identical. The only material differences were the dates on the documents: October 10, 2014 on the registered inspector's documents, and February 12, 2017 on the Defendant's documents.

    f.    Later, the Defendant gave a statement to Special Agents of the U.S. Department of Transportation Office of Inspector General that he had, in fact, fabricated the markings and the paperwork. He stated that he created the spurious documents the night before the Motor Carriers investigator arrived for a scheduled inspection. The Defendant advised that he knew he was transporting HAZMAT, that such transportation was subject to inspection and testing requirements, and that transporting HAZMAT without the required certifications was against the law. He also stated that he knew falsifying documents was against the law and that his doing so was an attempt to deceive the Motor Carriers investigator.

    g.    Records obtained from the petroleum distribution terminals where the Defendant loaded gasoline and diesel fuel showed that the Defendant transported HAZMAT in Tanker 903 on numerous occasions during 2017, both before and after May 24, 2017.

## SENTENCING GUIDELINE STIPULATIONS

18. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2016 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

19. **Base Offense Level:** The parties stipulate that the **base offense level is 8**, pursuant to U.S.S.G. § 2Q1.2(a).

20. **Violation Under 49 U.S.C. § 5124:** The parties stipulate that because the Defendant is pleading guilty to a violation of 49 U.S.C. § 5124, the offense level is **increased by 2 levels,** pursuant U.S.S.G. § 2Q1.2(b)(7).

21. **Acceptance of Responsibility:** To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a **two (2) level reduction** *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing, including that the Defendant shall not falsely deny or frivolously contest relevant conduct that the Court determines to be true.

## WAIVER OF RIGHT TO APPEAL

22. **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the *conviction* imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further agrees that in the event the Court sentences the Defendant to a term of imprisonment **within or below the advisory guidelines range calculated by the Court,** regardless of how the sentence is determined by the Court, then the Defendant expressly waives the Defendant's right to appeal the *sentence* imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release, and the amount of any restitution or fine. The Defendant further expressly waives any and all challenges to the statute or statutes to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute or statutes.

23. **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the

Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

24. **No Appeal of Supervised Release Term and Conditions:** The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

**PRESENTENCE INVESTIGATION REPORT**

25. The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

26. The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## STATEMENT OF THE DEFENDANT

27.     By signing this document, the Defendant acknowledges the following:

    a.     I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

    b.     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

    c.     I have read the entire Plea Agreement and discussed it with my attorney.

    d.     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

    e.     Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I hope to receive probation, but am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will

address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

  f. I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

  g. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

  h. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

  i. I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  j. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

  k. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

## **CERTIFICATE OF COUNSEL**

28. By signing this document, the Defendant's attorney and counselor certifies as follows:

    a. I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

    b. To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

    c. The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

    d. In my opinion, the Defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    e. In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## FINAL PROVISION

29. **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

3/9/18
DATE

Nicholas J. Linder
Assistant United States Attorney

3/9/18
DATE

Steven D. DeBrota
Deputy Chief, General Crimes

03-08-2018
DATE

KEVIN CLEVELAND
Defendant

3/9/18
DATE

Michael J. Donahoe
Attorney for the Defendant

17